McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hagop T. Bedoyan, # 131285
　*hagop.bedoyan@mccormickbarstow.com*
Dana B. Denno, #227971
　*dana.denno@mccormickbarstow.com*
Garrett R. Leatham, #333362
　*garrett.leatham@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:　(559) 433-1300
Facsimile:　(559) 433-2300

Attorneys for Jacob DeGolish d/b/a/ Assemble Capital LLC

# UNITED STATES BANKRUPTCY COURT

# CALIFORNIA NORTHERN BANKRUPTCY COURT

# SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>EDDIE PASCUA BATOON AND FLORA LLANES BATOON,<br><br>　　　　Debtors, | Case No. 23-50592<br><br>Chapter 11<br><br>**CREDITOR JACOB DEGOLISH D/B/A ASSEMBLE CAPITAL LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR APPROVAL OF STIPULATION FOR RELIEF FROM STAY**<br><br>**DATE:** November 21, 2023<br>**TIME:** 10:00 a.m.<br>**PLACE:** United States Bankruptcy Court<br>　　　　Northern District of California<br>　　　　280 South First Street<br>　　　　Courtroom 9<br>　　　　San Jose, CA 95113<br><br>**JUDGE:** Hon. Stephen L. Johnson |

　　　Creditor Jacob Degolish d/b/a Assemble Capital LLC ("Creditor") respectfully submits this memorandum of points and authorities in support of its motion for an order pursuant to 11 U.S.C. § 362 approving the stipulation for relief from stay after the Court granted Creditor's motion for

remand in Adversary Proceeding No. 23-05016.

I. **SUMMARY OF ARGUMENT**

At the court's recommendation stated on the record at the hearing on Creditor's motion for remand held on September 12, 2023 at 1:30 p.m., the Creditor and the debtors Eddie Pascua Batoon and Flora Llanes Batoon ("Debtors") reached a stipulation modifying the automatic stay and seek approval of said stipulation. The stipulation permits the state court action that was recently remanded back to El Dorado County Superior Court (Case No. 22CV1845) to continue to the point of judgment, but would leave enforcement of judgment to the bankruptcy court.

II. **FACTS**

A. **Case No. 22CV1845 Was Removed From El Dorado County Superior Court on June 27, 2023**

Creditor filed the State Court Action in El Dorado County Superior Court on December 19, 2022. Request for Judicial Notice ("RJN"), **Exhibit A**. The complaint contains three claims – fraud (against Flora Batoon), fraudulent concealment (Coldwell Banker and Joseph Riffel), and fraudulent concealment (against Placer Title Company). *Id.*

The State Court action alleges that Creditor entered into a contract with Ginger Mountain Lodge LLC, a California limited liability company ("GML") who owns a motel in South Lake Tahoe ("Property"), to purchase said motel. *Id.* One of the three members of GML, Flora Batoon,[1] entered in to the contract with Creditor on behalf of GML. *Id.* But as Creditor later discovered, GML's operating agreement requires that any decision concerning the business requires a simple majority vote of the members, and Flora Batoon did not have a majority interest in GML. *Id.*

Creditor deposited a non-refundable earnest money payment of $22,100 with Placer Title Company and for nearly a year thereafter, entered into numerous other contracts with GML, with Flora Batoon purportedly signing on behalf of GML. *Id.* Additionally, Creditor spent more than $135,000 in costs associated with preparing the Property for operations after the closing of escrow. *Id.* After all this time and expending this sum of money, Creditor discovered, through

---
[1] The other two members are Eddie Batoon and Julia Duward.

Case 23-50592   Doc# 36-2   Filed: 10/11/23   Entered: 10/11/23 14:34:47   Page 2 of 4

communications with Placer Title, that Flora Batoon did not have the sole authority to act on GML's behalf. *Id.*

The State Court Action alleges that other named defendants, Placer Title Company (the escrow agent) and Joseph Riffel (the broker) knew that Flora Batoon was acting without authority and did not disclose it to Creditor. *Id.* Debtor-defendant Flora Batoon filed the notice of removal with this Court on June 27, 2023. RJN, **Exhibit B**.

### B. This Court Remanded The State Court Action Back to El Dorado County Superior Court

Creditor filed a motion for remand pursuant to 28 U.S.C. § 1452(b) with this Court on August 15, 2023 requesting an order to remand the State Court Action back to El Dorado County Superior Court. RJN, Exhibit B. The motion was heard on September 12, 2023 at 1:30 p.m., at which time this court granted the motion and the court issued its order on September 13, 2023. RJN, Exhibit C.

### C. Modification of the Automatic Stay is Necessary To Continue the State Court Action

At the hearing, the Court made it clear that counsel for Creditor and counsel for Debtors meet and confer and agree on appropriate stay relief. Declaration of Garrett Leatham ("Leatham decl.", ¶ 4. The following day, Creditor's counsel and Debtors' counsel met and conferred over the telephone and agreed to a stipulation modifying the automatic stay. *Id.*, ¶ 5.

### D. Summary of Stipulation

Debtors and Creditor, through their respective counsel, have entered into the Stipulation whereby the automatic stay will be modified to allow the State Court action to continue to judgment, but will leave enforcement to the bankruptcy court. *Id.*, Exhibit 1.

### III. LAW AND ANALYSIS

Pursuant to Federal Rule of Bankruptcy Procedure Rule 4001(d)(3), a bankruptcy court may enter an order approving an agreement for relief from the automatic stay without a hearing if no objection is timely filed, or after a hearing if a timely objection is filed. *See* Fed. R. Bankr. P. 4001(d)(3).

A court "shall grant relief from the stay provided under subsection (A) of this section, such

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

as by terminating, annulling, modifying, or condition such stay . . . for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause." Thus, courts must determine whether cause exists on a case-by-case basis. *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985). The automatic stay is intended to preserve the assets of the debtor and provide an equitable procedure for all creditors. *Noli v. C.I.R.*, 860 F.2d 1521, 1526 (9th Cir. 1988), citing *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982). When a pending action does not interfere with the bankruptcy proceeding, the automatic stay "in no way fosters [Bankruptcy] Code policy." *Id.*, citing *Holtkamp*, 669 F.2d at 508.

Here, cause exists for approving the agreed-upon stipulation for relief from the automatic stay. Granting this relief will not prejudice Debtors because the State Court Action will only proceed to judgment, but leave enforcement to the bankruptcy court, thereby preventing any disposition of estate assets without court approval. Therefore, the Stipulation should be approved.

### IV. CONCLUSION

The Stipulation will allow the State Court Action to proceed to judgment as quickly as possible, and enable all parties to hopefully settle the matter before a trial becomes necessary.

Dated: October 9, 2023

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____
Hagop T. Bedoyan
Dana B. Denno
Garrett R. Leatham
Attorneys for Jacob DeGolish
d/b/a/ Assemble Capital LLC

041193-000000 9366633.1