

**The following constitutes the order of the Court.**
**Signed: June 28, 2024**

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EDDIE PASCUA BATOON and<br>FLORA LLANES BATOON,<br><br>               Debtors. | Case No.: 23-50592 SLJ<br><br>Chapter 11<br><br>Date: June 25, 2024<br>Time: 2:00 p.m.<br>Ctrm: Remote |

### ORDER DENYING MOTION TO DISALLOW CLAIMS OF UNSECURED CREDITORS WITHOUT FILED CLAIMS

Debtors filed a Motion to Disallow Claims of Unsecured Creditors Without Filed Claims ("Motion"), pursuant to 11 U.S.C. § 502(b), and noticed it for hearing at the above-referenced date and time. Having reviewed the Motion and the record in this case, the court determines that oral argument is not necessary. For the following reasons, the Motion will be denied.

Service of the Motion was defective in two respects. First, Bankruptcy Rule 3007(a)(2)(A)(ii) is applicable and requires that an objection to a claim of a FDIC-insured institution must be served in accordance with Bankruptcy Rule 7004(h). Here, Debtors have

ORDER DENYING MOTION TO DISALLOW CLAIMS OF UNSECURED CREDITORS…
-1-

two credit-card debts owed to Citibank, which must be served pursuant to Bankruptcy Rule 7004(h). The service to a post office box by first class mail does not satisfy this requirement.

Second, as to creditors Derek and Sonia Banks, Debtors sent the Notice of the Case and this Motion to their attorney Michael Johnson only. Michael Johnson has not appeared in this case and Debtors have not provided any evidence that Michael Johnson is the Banks' authorized agent so service to Mr. Johnson satisfies neither Bankruptcy Rule 2002(g)(1) for notice nor Bankruptcy Rule 7004(b)(1) for a contested matter.

The Motion cannot be granted on the basis that service is improper.

The Motion also fails substantively. The basis for relief, as stated in the Motion, is that "[b]ecause the unsecured creditors did not file a Proof of Claim in this case, [Debtors] believe[] they do not have any personal obligation to those creditors, and their potential claims should be disallowed in this Chapter 11 bankruptcy." This is an incorrect statement of the law.

In chapter 11 cases, claims *identified in the bankruptcy schedules* that a debtor files, which are marked as undisputed, non-contingent, and liquidated, are treated the same way as *filed* claims. 11 U.S.C. § 1111(a); *In re Dynamic Brokers, Inc.*, 293 B.R. 489, 495 (B.A.P. 9th Cir. 2003) ("As a matter of law, the consequence of scheduling a claim in a chapter 11 case without designating it as disputed, contingent or unliquidated is that a proof of claim is 'deemed filed under section 501.'"). As a result, creditors whose claims are listed by a debtor in the schedules need not file claims; in such cases, debtor has done the creditors' work by listing them in the bankruptcy schedules. *See* Fed. R. Bankr. P. 3003(b)(1). Furthermore, Bankruptcy Rule 3003(b)(1) provides that scheduled debts "shall constitute *prima facie evidence of the validity and amount of the claims of creditors*, unless they are scheduled as disputed, contingent, or unliquidated." (emphasis added).[1]

Those claims identified in the Motion that were listed by Debtors in the bankruptcy schedules with specific amounts as undisputed, non-contingent, and liquidated are treated as claims that were deemed filed and deemed allowed. *See In re Dynamic Brokers*, 293 B.R. at

---

[1] "Prima facie" evidence is more than "some" evidence. *In re Garner*, 246 B.R. 617, 623-24 (B.A.P. 9th Cir. 2000).

ORDER DENYING MOTION TO DISALLOW CLAIMS OF UNSECURED CREDITORS…
-2-

Case: 23-50592   Doc# 110   Filed: 06/28/24   Entered: 06/28/24 13:02:00   Page 2 of 4

496 ("[T]he effect of § 1111(a) is that scheduled, undisputed, noncontingent, liquidated claims are both 'deemed filed' and 'deemed allowed'" under § 502(a)."). Bankruptcy Code § 502(b) provides a list of reasons why a claim should not be allowed. *See In re Heath*, 331 B.R. 424, 435 (9th Cir. BAP 2005). Debtors did not refer to any of the subsections in § 502(b) that would allow the court to disallow the claims. Not filing a claim is not a basis for disallowing them.

In conclusion, the undisputed, non-contingent, and liquidated scheduled claims are treated as having prima facie validity, and Debtors have not shown why they no longer owe these sums to the affected creditors.[2]

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion is DENIED.

*** END OF ORDER***

---

[2] Debtors indicate in the Motion that they listed the creditors in Schedule E/F not knowing if any debts were owed or the amount owed. This may be true for some debts, but not all of them. Out of the eleven debts listed in Schedule E/F that do not have proofs of claims, Debtors attributed an "unknown amount" for four of them and marked two other ones as "disputed." But five of the debts (AT&T Universal, Citi Costco Visa, Citibank, Michael Johnson, and Priscilla Consepsion) were scheduled with specific amounts and described as undisputed, non-contingent, and liquidated.

**COURT SERVICE LIST**

ECF Notifications